**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CURTIS THROWER,                          :
                                         :   Civil Action No. 08-1454(JAG)
            Plaintiff,                   :
                                         :
                                         :
            v.                           :   **OPINION**
                                         :
NEW JERSEY STATE PAROLE                  :
BOARD, et al.                            :
                                         :
            Defendants.                  :


**APPEARANCES:**

    CURTIS THROWER, Plaintiff pro se
    Prison #159130 SBI # 405638B
    Southern State Correctional Facility
    P.O. Box 150
    Delmont, New Jersey 08314

**GREENAWAY, JR.**, District Judge

    Plaintiff Curtis Thrower, currently confined at the Southern
State Correctional Facility in Delmont, New Jersey, seeks to
bring this action in forma pauperis, pursuant to 42 U.S.C.
§ 1983, alleging violations of his constitutional rights.
Plaintiff initially submitted his Complaint without a complete
application to proceed in forma pauperis ("IFP").  On March 28,
2008, this Court issued an Order denying Thrower's IFP
application without prejudice, and administratively terminating
the action.  The Order also gave plaintiff thirty (30) days to
submit a complete IFP application with his prison account

statement and affidavit of indigency if he wished to re-open his case.

On April 14, 2008, Thrower submitted an IFP application with his complete six-month account statement.  He also requested that his action be re-opened.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.

Having also reviewed the Complaint at this time, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, this Court concludes that this action should proceed.

## I.  BACKGROUND

Plaintiff, Curtis Thrower ("Thrower"), brings a civil rights complaint against the following defendants: the New Jersey State Parole Board ("NJSPB"); Parole Officer Farmer; and Parole Officer Morgan.  (Complaint, Caption, ¶¶ 4(b), (c)).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  This Court has not, and cannot at this stage, make any findings as to the veracity of plaintiff's allegations.

Thrower alleges that, on January 7, 2008, he had to go to the hospital for a kidney infection while he was a parolee at the Kintock Group "halfway back" program.[1]  When he returned from the hospital, he went to the medical department at Kintock to provide documentation that the medication he received at the hospital was for his infection and for pain.  This documentation was written by the hospital doctor on plaintiff's discharge notes.

Thrower states that, before going to the hospital, he had repeatedly asked permission from defendant Parole Officer Farmer to go to the hospital.  These requests were denied, and plaintiff's kidney infection became worse as a result.  Thrower relates that Farmer had told him that she was going to "violate" plaintiff because of an incident involving plaintiff and a close friend of the officer.[2]  Thrower states that he reported Farmer to her supervisor, Parole Officer Morgan, who did nothing for

---

[1]  Plaintiff has another lawsuit pending in this District Court, Thrower v. N.J. Department of Corrections, et al., Civil Action No.07-3434 (FSH).  This lawsuit, although not necessarily related, does involve an issue of disciplinary sanctions taken against Thrower concerning his alleged refusal to give a urine sample.  Thrower had claimed that, as a result of medication prescribed, he suffered a urine retention problem that made it difficult for him to comply readily with impromptu urine tests.  It would appear that plaintiff's problems from the medication and other issues relate to his recurring kidney infection.

[2]  The incident plaintiff references involves an Essex County Internal Affairs officer against whom plaintiff apparently filed a lawsuit for destroying evidence related to a rape that took place.

plaintiff.  Farmer then began to harass plaintiff daily for the next couple of weeks.

On January 14, 2008, Farmer "violated" plaintiff for "dirty urine."[3]  Thrower claims there is no documented proof that his urine tested positive for morphine.  Instead, Farmer submitted documents purportedly "forged" with plaintiff's signature, which acknowledge his use of morphine.  Thrower alleges that Farmer admitted to him that she knew his urine was "clean" but by the time he could prove it, Thrower would be back in prison.  As a result of this allegedly false evidence, the NJSPB found that Thrower had violated the terms of his parole and plaintiff was returned to prison.

Thrower seeks compensatory and punitive damages in excess of $2.5 million.  He also asks that his case be remanded for a new probable cause revocation hearing.  Finally, he seeks injunctive relief, namely, that defendant Farmer be restrained from any involvement or participation in the new revocation hearing.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

---

[3]  The urine test occurred on January 11, 2008, and Thrower alleges that the officer who conducted the test told plaintiff that his urine was negative and threw the urine sample away.

4

redress against a governmental employee or entity.   The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.   See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).   See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).   The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."   Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).   The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."   Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).   The standard for evaluating whether a complaint is "frivolous" is an objective one.   Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). <u>See</u> <u>also</u> <u>Erickson</u>, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell v. Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable).

III.   <u>SECTION 1983 AND BIVENS ACTIONS</u>

Thrower is proceeding under 42 U.S.C. § 1983, alleging violations of his civil rights guaranteed under the Constitution of the United States.  His claims are against state actors.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Here, the state defendants are the New Jersey State Parole Board, Parole Officer Farmer and Parole Officer Morgan.

However, defendant New Jersey State Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983.  <u>See</u> <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 68-70 (1989)(holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); <u>Madden v. New Jersey State Parole Board</u>, 483 F.2d 1189, 1190 (3d Cir. 1981)(stating that the New Jersey

7

State Parole Board is not a person under § 1983). Therefore, the
Complaint will be dismissed with prejudice, in its entirety, as
against defendant, New Jersey State Parole Board.

IV.   <u>ANALYSIS</u>

A.  <u>Retaliation Claim</u>

Thrower essentially alleges that defendant Farmer harassed
plaintiff, and fabricated a negative urine test to have plaintiff
returned to prison in retaliation against plaintiff for bringing
a lawsuit against an employee of the Essex County Jail, who was a
friend of defendant Farmer. Thrower also alleges that Farmer
fabricated the "dirty" urine test in retaliation against
plaintiff for complaining to Farmer's supervisor about the
harassment and denying him medical attention for his kidney
infection. These allegations may tend to support a claim of
retaliation in violation of plaintiff's First Amendment rights.

"Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the
Constitution ... ." <u>White v. Napoleon</u>, 897 F.2d 103, 111-12 (3d
Cir. 1990). To prevail on a retaliation claim, plaintiff must
demonstrate that (1) he engaged in constitutionally-protected
activity; (2) he suffered, at the hands of a state actor, adverse
action "sufficient to deter a person of ordinary firmness from
exercising his [constitutional] rights;" and (3) the protected
activity was a substantial or motivating factor in the state
actor's decision to take adverse action. <u>Rauser v. Horn</u>, 241

8

F.3d 330, 333 (3d Cir. 2001) (quoting <u>Allah v. Seiverling</u>, 229
F.3d 220, 225 (3d Cir. 2000)).  <u>See also</u> <u>Anderson v. Davila</u>, 125
F.3d 148, 160 (3d Cir. 1997) (citing <u>Mt. Healthy City Sch. Dist.</u>
<u>Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977)).

Based on the allegations set forth in the Complaint, Thrower
facially satisfies the requisites necessary to support a claim of
retaliation against defendant Farmer at this stage.  This claim
will be allowed to proceed.

C.  <u>False Disciplinary Charges</u>

Thrower next claims that defendants Farmer and Morgan
fabricated disciplinary charges, namely, using a false negative
urine test against plaintiff to have plaintiff's parole revoked
and to send him back to prison.  This Court finds no cognizable
claim under § 1983.

The act of filing false disciplinary charges does not itself
violate a prisoner's constitutional rights.  <u>See</u> <u>Freeman v.</u>
<u>Rideout</u>, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the
mere filing of [a false] charge itself" does not constitute a
cognizable claim under § 1983 so long as the inmate "was granted
a hearing, and had the opportunity to rebut the unfounded or
false charges"), <u>cert</u>. <u>denied</u>, 485 U.S. 982 (1988); <u>Hanrahan v.</u>
<u>Lane</u>, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as
prison officials provide a prisoner with the procedural
requirements outlined in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558
(1974), then the prisoner has not suffered a constitutional

violation).  See also Creter v. Arvonio, No. 92-4493, 1993 WL
306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109,
1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the
alleged knowing falsity of the charge [does not state] a claim of
deprivation of a constitutionally protected liberty interest ...
where procedural due process protections were provided").

    In this case, Thrower does not allege that he was denied a
revocation hearing or an opportunity to present evidence.
Rather, he disputes the evidence used against him at the hearing
as "false".  While, he simply asks for a new revocation hearing,
it is plain that he is challenging the result of the revocation
hearing.  He is also seeking money damages from defendants for
the alleged "false" charges against him.

    In a series of cases beginning with Preiser v. Rodriguez,
411 U.S. 475 (1973), the Supreme Court has analyzed the
intersection of 42 U.S.C. § 1983 and the federal habeas corpus
statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had
been deprived of good-conduct-time credits by the New York State
Department of Correctional Services as a result of disciplinary
proceedings brought a § 1983 action seeking injunctive relief to
compel restoration of the credits, which would have resulted in
their immediate release.  411 U.S. at 476.  The prisoners did not
seek compensatory damages for the loss of their credits.  411
U.S. at 494.  The Court held that "when a state prisoner is
challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, i.e., whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

11

imply the invalidity of his conviction or sentence; if
it would, the complaint must be dismissed unless the
plaintiff can demonstrate that the conviction or
sentence has already been invalidated.  But if the
district court determines that the plaintiff's action,
even if successful, will <u>not</u> demonstrate the invalidity
of any outstanding criminal judgment against the
plaintiff, the action should be allowed to proceed, in
the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a

§ 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

Here, Thrower's request for money damages and a new hearing

is nothing more than an attempt to challenge the fact of his

parole revocation and resulting confinement in prison.  Indeed,

any judgment rendered in favor of plaintiff on his allegations of

false charges only[4] would necessarily imply the invalidity of the

parole revocation decision.  Thrower does not indicate that he

has filed an administrative appeal from the revocation decision,

nor does he state that he has attempted to exhaust his state

court remedies before bringing this federal civil rights claim.

Further, there is no indication that the parole revocation

decision has been overturned or invalidated.  Thus, in accordance

with <u>Preiser</u>, Thrower's claim must be brought in a habeas

---

[4]  Thrower does not allege any of the due process violations
that would support a claim that he was denied a fair hearing.  He
simply disputes the evidence relied on by the Parole Board at the
revocation hearing, namely, the allegedly false "dirty" urine
test.

petition, pursuant to 28 U.S.C. § 2254, and only after exhaustion of state court remedies.

Likewise, Thrower's request for money damages is barred by Heck, until he receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.  This claim of false parole revocation charges is not cognizable at this time, and therefore, the claim must be dismissed, without prejudice.

V.   <u>CONCLUSION</u>

For the reasons set forth above, all claims against defendant, New Jersey State Parole Board, brought pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and  1915A(b)(1) and (2) shall be dismissed, with prejudice.  In addition, plaintiff's claim asserting that false parole revocation charges were made against him will be dismissed, without prejudice, regarding the remaining defendants, Parole Officer Farmer and Parole Officer Morgan, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Finally, plaintiff's claim alleging that defendant Farmer retaliated against him, in violation of his First and Fourteenth Amendment rights, will be allowed to proceed.  An appropriate order follows.


　　　　　　　　　　　　 S/Joseph A. Greenaway, Jr.　　　　　
　　　　　　　　　　　　 JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated:  October 28, 2008