<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CURTIS THROWER,                           :
                                          : Civil Action No. 08-1454 (GEB)
                       Plaintiff,         :
                                          :
                                          :
              v.                          :            **OPINION**
                                          :
NEW JERSEY STATE                          :
PAROLE BOARD, THE, et al.,                :
                                          :
                       Defendants.        :


**BROWN, Chief Judge,**

      This matter comes before the Court upon the Cross-Motions for Summary Judgment by *pro se* Plaintiff Curtis Thrower ("Plaintiff") and Defendant Laura Farmer ("Defendant.")  Both motions are opposed.  The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff has not submitted a statement of material facts with either his own motion papers or his Opposition to Defendant's Motion for Summary Judgment as required by Local Rule 56.1.  Therefore, the following facts are drawn primarily from Plaintiff's Complaint, the transcript of Plaintiff's deposition testimony, Defendant's Statement of Undisputed Material Facts and supporting exhibits.  *See Jordan v. Allgroup Wheaton*, 218 F.Supp.2d 643, 646 (D.N.J. 2002).

On October 23, 2007, Plaintiff, who had been serving a sentence for two counts of possession of a controlled dangerous substance and shoplifting, was granted parole to a halfway house pursuant to the "Halfway Back" Program. (Pl.'s Appl./Pet. Summ. J. Ex. F, at 38-39; Farmer Decl. ¶¶ 2-3; Chiesa Decl. Ex. A.)  Initially, Plaintiff was paroled to the Logan Hall Halfway House.  (Josephson Decl. Ex. A, Thrower Dep. 9:17, January 6, 2010.)  Thereafter, Plaintiff was sent to Bo Robinson, then to Hope Hall, then to Kintock in Bridgeton, New Jersey and finally, to Kintock in Newark, New Jersey.  (*Id.* at 10:1-23.)  Pursuant to the conditions of his parole, Plaintiff was to refrain from drug usage and to complete the Halfway Back Program. (Pl.'s Appl./Pet. Summ. J. Ex. F, at 38-39; Farmer Decl., ¶ 2; Chiesa Decl. Ex. A.)

On January 14, 2008, Plaintiff was discharged from the Kintock Group as a result of a random urine test conducted by the halfway house on January 12, 2008 which tested positive for morphine.  (Chiesa Decl. Ex. B, "Community Programs Discharge Report").  Plaintiff's discharge was also based on the admission of use form he signed stating that "he told his sister to bring him oxicodine and percocets during a drop off on Wednesday January 9, 2008.  He admitted to taking the oxicodine and percocets." (*Id.*)  On January 14, 2008, a parole violation warrant was issued by District Parole Supervisor Lenny Ward, which charged Plaintiff with violating parole. (Pl.'s Appl./Pet. Summ. J. Ex. A, at 6).  On January 23rd and February 6, 2008,  Hearing Officer John Clyde conducted Plaintiff's final parole revocation hearing. (Pl.'s Appl./Pet. Summ. J. Ex. F, at 38-39.)  At the conclusion of the hearing, the Hearing Officer sustained the charges that Plaintiff had used drugs and that he had failed to complete the Halfway Back Program, and recommended that his parole be revoked. (*Id.*)  On February 20, 2008, the New Jersey State Parole Board - Adult Panel reviewed the Hearing Officer's decision, concurred with his factual findings, adopted his

2

recommendation to revoke Plaintiff's parole. (Pl.'s Ex. F, at 40-41.)  Plaintiff appealed the Adult Panel's decision to the full Parole Board, and on June 26, 2008, the full Board affirmed the Adult Panel's decision to revoke Plaintiff's parole. (Pl.'s Ex. G, at 43-47.)  Plaintiff did not appeal the revocation of his parole to New Jersey state court. (Josephson Decl. Ex. A, Thrower Dep. 24:20-25:11.)

On March 20, 2008, Plaintiff filed the Complaint in the instant matter against the New Jersey State Parole Board ("NJSPB"); Parole Officer Farmer; and Parole Officer Morgan. (Dockety Entry No. 1, Complaint.)  After the Court completed its initial screening of the Complaint, only the retaliation claim against Defendant Farmer was permitted to proceed.  (Docket Entry No. 13, Court's October 28, 2008 Opinion at 13.)  Plaintiff alleges that Defendant Farmer harassed him, and fabricated a negative urine test to have Plaintiff returned to prison in retaliation for Plaintiff bringing a lawsuit against an employee of the Essex County Jail, who was a friend of Defendant Farmer. (*Id.* at 8.)  Plaintiff also appears to be alleging that Defendant Farmer fabricated the "dirty" urine test in retaliation against Plaintiff for complaining to Farmer's supervisor about the harassment and denying him medical attention for his kidney infection.  (*Id.* )

## II. ARGUMENTS

In his Motion for Summary Judgment, Plaintiff argues that "Officer Farmer did not follow protocol when submitting an alleged tainted urine per Administrative Code 10:A.-71 [sic]."  (Pl.'s Appl./Pet. Summ. J. 1.)  Plaintiff further argues that during his transport to the Bergen County Correctional Center, Defendant Farmer asked him whether he knew an individual named Farrante, to which Plaintiff responded yes, as this was an individual involved in another lawsuit that Plaintiff had filed against Essex County Internal Affairs.  (*Id.*)  Plaintiff alleges that he told Defendant that

3

"she knew [his] urine was not dirty" and she replied " I know, but by the time they figure it out you'll

be back at the Department of Corrections." (*Id.* at 2.)  Plaintiff also argues that the record presented

at his parole hearing failed to establish that he had violated his parole conditions.  (*Id.* at 25.)

Finally, Plaintiff argues that the  hearing officer "violated the parolee-appellant's due process rights

under the Fourteenth Amendment of the Federal Constitution and corresponding state constitutional

rights, by relying upon unsubstantiated, reliable 'hearsay' evidence/testimony to conclude that

Appellant had violated a condition of parole." (*Id*. at 31.)

In Opposition to Plaintiff's Motion and in support of her own Summary Judgment Motion,

Defendant argues that Plaintiff's claim that Defendant retaliated against him for exercising his First

Amendment rights to file a civil action and for complaining about Defendant to her supervisor is

without merit because Plaintiff did not suffer any adverse action by Defendant and there is no causal

link between the exercise of his right and the revocation of his parole.  (Def.'s Br. Opp'n Cross Mot.

Summ. J. 10.)

Subsequent to Defendant's filing of her Opposition/Cross-Motion, Plaintiff filed several

letters which appear to be Opposition, a Reply and a Sur-Reply, respectively, to Defendant's Motion.

In these filings, Plaintiff argues that Defendant alleges that he submitted three tainted urine samples,

but Defendant cannot produce a lab report supporting this fact.  (Docket Entry No. 56, Pl.'s Opp. 2.)

Plaintiff further argues that the Defendant retaliated against him by refusing to follow policy and

procedure when dealing with tainted urine.  (Docket Entry No. 60, Pl.'s Sur-Reply 1.)  Finally,

Plaintiff argues that he has "proved without a shadow of a doubt that Officer Farmer used her

position as a parole officer to retaliate against [him].  At no point can Officer Farmer prove that [he]

submitted a tainted urine. [He] has proven that this officer has not followed policy or procedure...[and] [t]herefore [his] complaint of retaliation has been proven." (*Id.* at 3.)

In response to Plaintiff's Opposition, Defendant argues that the only claim that remains before the Court is Plaintiff's claim for retaliation and to the extent that Plaintiff continues to argue that his parole revocation was erroneous, that claim is no longer viable. (Def.'s Reply 2.) Defendant further argues that Plaintiff has failed to submit any evidence that there was a prior lawsuit and he has also failed to satisfy the third prong of the retaliation claim. (*Id.* at 3.) Specifically, Defendant argues that she has submitted an uncontested sworn declaration in which she states that she is not related to anyone named John Ferrante nor is she friends with anyone named John Ferrante nor did she ask Plaintiff if he knew someone named John Ferrante. (*Id.*) Finally, Defendant argues that Plaintiff has failed to produce any evidence that he was harassed by Defendant in retaliation for him complaining to her supervisor. (*Id.* at 4.)

## III. DISCUSSION

### A. Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether

triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir.1987). However, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Matsushita*, 475 U.S. at 586. When, as in the present case, Plaintiff appears *pro se,* the Court must apply a more liberal standard of review to Plaintiff's claims. *Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir.1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

B. Analysis

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir.1990) (*citing Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir.1981)). To prevail on a retaliation claim, a prisoner-plaintiff must demonstrate that: (1) the conduct which led to the alleged retaliation was constitutionally protected; and (2) he suffered, at the hands of a state actor, an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 389 (6th Cir.1999); *Drexel v. Vaughn*, No. 96-3918 1998 U.S. Dist. LEXIS 4294, at *7, 1998 WL 151798 (E.D.Pa. Apr. 1, 1998)); (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir.2000)). Once a prisoner-plaintiff establishes these two criteria, he must then prove that "his constitutionally

protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Rauser*, 241 F.3d at 333 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Then, the burden shifts to the defendant "to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." *Id.* (citing *Mt. Healthy City Sch. Dist. Bd. of Educ.*, 429 U.S. at 287).

In this case, it is clear, and Defendant does not appear to contest,  that Plaintiff's filing of a lawsuit against the individual John Ferrante and Essex County Internal Affairs is a constitutionally protected right.[1]  It is also a constitutionally protected activity to file a grievance or complaint against a prison officer.  *See Niblack v. Albino*, No. 09-428 (RBK), 2009 WL 2496876 at *8 (D.N.J. August 10, 2009) (A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim); *see also Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir.1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution); *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir.1995) (prison officials may not retaliate against an inmate for complaining about a guard's misconduct), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). However, Plaintiff cannot meet the remaining requirements for a claim of retaliation.

As to the second requirement, an adverse action at the hands of the state actor, Defendant did not conduct the third urine that tested positive for an illegal substance.  The test was conducted by the individuals at the Kintock Group.  Therefore, if Plaintiff is attempting to argue that the adverse

---

[1] However, Defendant does argue that Plaintiff has not submitted any evidence of said suit.

action was an inaccurate or improperly conducted urine test, said test was not conducted by Defendant.  Further, Plaintiff did not issue the arrest warrant for Plaintiff nor did she make the final determination as to whether Plaintiff's parole should be revoked.  The decision to revoke parole was made by  Hearing Officer John Clyde, then upheld by the New Jersey State Parole Board - Adult Panel and then upheld by the full New Jersey State Parole Board.  Therefore, if Plaintiff is attempting to argue that the adverse action was that his parole was revoked, Defendant did not take that action either.   If Plaintiff is attempting to argue that the parole revocation process was tainted or inappropriate or denied him due process, those claims have already been dismissed by this Court during its initial screening of the complaint.  (*See* Docket Entry No. 13, Court's October 28, 2008 Opinion.)  To the extent Plaintiff is arguing that by not following the procedure that Plaintiff believes should have been used for conducting a drug test, Defendant somehow retaliated against him,  that claim would fall into the category of those claims that were already dismissed by the Court as it ultimately relates to the legitimacy of the parole revocation proceeding.  Finally, to the extent that Plaintiff is arguing that the adverse action he was subjected to was that Defendant Farmer took his employment passes and refused to allow him to go for medical treatment for his kidney infection, as alleged in his Complaint, Plaintiff has not produced any evidence whatsoever to support said allegations.

The crux of Plaintiff's argument focuses on the alleged impropriety of the parole revocation hearing, which is not even at issue in this case.  Plaintiff does not sufficiently address the requirements of a retaliation claim but rather focuses on the details of the hearing.  In fact, the only case law cited by Plaintiff is related exclusively to parole revocation and hearing issues.  Plaintiff provides no legal support for his retaliation claim or more specifically, his claim that allegedly not

following protocol with regard to a drug test is an adverse action sufficient to give rise to a retaliation claim.   Therefore, because Defendant has met her burden to show that there is no genuine issue of material fact, Defendant's Motion for Summary Judgment is hereby granted.  Plaintiff's Motion for Summary Judgment is denied.  An appropriate order shall follow.


DATED: August 26, 2010


                                                            s/Garrett E. Brown, Jr.
                                                            HONORABLE GARRETT E. BROWN, JR.
                                                            UNITED STATES DISTRICT JUDGE